IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-2814-S-BN |
| 0.2853 ACRES OF LAND, MORE OR LESS, LOCATED IN DALLAS COUNTY, STATE OF TEXAS; CB/TITTLE, LTD., AND AR1 LAND, LTD.; et al., | § § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff the United States of America ("United States") has filed a motion for limited relief from the stay in this case. *See* Dkt. No. 112. Defendants CB/Tittle, Ltd. and AR1 Land, Ltd. (collectively "Defendants") oppose the motion. *See* Dkt. No. 112-1 at 9-11. For the reasons and to the extent explained below, the Court grants the United States' motion.

On March 20, 2020, the parties jointly requested that the Court stay the deadlines in this case in light of the nationwide sheltering measures being put in place to combat the COVID-19 pandemic. *See* Dkt. No. 104.

The purpose of the stay was to ensure that the depositions that would have to take place in this case, some of which require travel, did not pose an unreasonable threat to the health of the case participants. And the parties wanted to ensure that no time was lost in light of the approaching discovery deadlines.

The Court granted that motion and stayed the deadlines in this case on March 23, 2020. *See* Dkt. No. 105. At that time, the Court requested that the parties submit periodic joint status reports, advising the Court of the parties' ability to proceed with discovery in this case in light of any efforts to combat the COVID-19 pandemic. *See id.*

The United States now requests that the Court provide limited relief from the stay so that the parties can continue document-based discovery and engage in motions practice on several discovery disputes. *See* Dkt. No. 112-1 at 5-8. For example, the United States argues that Defendants need to provide more fulsome answers to certain document requests. *See id.* And the United States asserts that it has reevaluated the value of conducting additional document discovery in connection to Defendants' Rule 26(a)(2)(C) expert. *See id.*

Defendants object to lifting the stay. *See id.* at 9-11. Defendants argue that the United States cannot show good cause as to why additional written discovery requests are needed after three and a half years of litigation and why deposing the Rule 26(a)(2)(C) expert witness will not resolve the United States' discovery concerns. *See id.* at 9. Defendants argue that allowing for additional discovery in this case is unreasonably cumulative, duplicative, and is outweighed by the burden and expense that will be incurred by Defendants. *See id.* at 10-11.

The Court notes that when the stay in this case was entered, discovery in this case was still open and ongoing. Indeed, at the time this case was stayed the parties still had over a month of discovery left. Further, the intended purpose of the stay was

to provide the parties relief from the deadlines in this case in light of the impracticability of travelling for, and conducting, depositions during a global pandemic.

And throughout the duration of the stay the Court requested status reports from the parties on the ability to proceed with any other aspects of this case.

The United States now seeks to proceed with discovery to the extent the parties can do so remotely and without in-person contact. The Court finds no reason why the parties should not be able to continue to litigate certain aspects of this case through paper-based activities. As the United States points out, there is no evidence that the COVID-19 pandemic will end in the near future, and the Court is persuaded that it should not defer every aspect of this case until the pandemic ends.

For the reasons explained, the Court GRANTS the United States' Motion for Limited Relief from the Stay [Dkt. No. 112].

The parties are instructed to submit a proposed schedule by July 23, 2020, outlining the deadlines related to the limited relief from the stay.

SO ORDERED.

DATED: June 26, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE