IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:16-CV-2814-S-BK |
| § | |
| 0.2853 ACRES OF LAND, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court are (1) *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert Joshua Korman*, Doc. 187; (2) *Plaintiff's Motion to Exclude Portions of the Opinion of Randall Bell*, Doc. 190; (3) *Plaintiff's Rule 71.1 Motion to Exclude Claims that are Personal to Defendants*, Doc. 193; (4) *Plaintiff's Rule 71.1 Motion to Exclude Post-Take Evidence and Testimony and Valuation that Relies Directly on Post-Take Evidence*, Doc. 196; (5) *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert James Timothy Archibald*, Doc. 199; (6) *Plaintiff's Motion to Exclude the Opinions and Testimony of Defendants' Expert Henry Billingsley*, Doc. 202; and (7) *Defendants CB/Tittle, Ltd.'s and AR1 Land, Ltd.'s Motion to Exclude the Testimony of Rick J. Muenks, MAI*, Doc. 205.

Upon review and for the reasons outlined herein:

- *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert Joshua Korman*, Doc. 187; *Plaintiff's Motion to Exclude Portions of the Opinion of Randall Bell*, Doc. 190; *Plaintiff's Motion to Exclude the Testimony of Defendants'*

*Retained Valuation Expert James Timothy Archibald*, Doc. 199; and *Plaintiff's Motion to Exclude the Opinions and Testimony of Defendants' Expert Henry Billingsley*, Doc. 202, should be **GRANTED**.

- *Plaintiff's Rule 71.1 Motion to Exclude Claims that are Personal to Defendants*, Doc. 193; and *Plaintiff's Rule 71.1 Motion to Exclude Post-Take Evidence and Testimony and Valuation that Relies Directly on Post-Take Evidence*, Doc. 196, should be **GRANTED IN PART**.

- *Defendants CB/Tittle, Ltd.'s and AR1 Land, Ltd.'s Motion to Exclude the Testimony of Rick J. Muenks, MAI*, Doc. 205, should be **DENIED AS MOOT**.

# I. BACKGROUND[1]

In 1993, the Federal Aviation Administration entered into a lease to operate a Terminal Doppler Weather Radar ("TDWR") on a 0.2853-acre tract in Dallas, Texas ("Property"). Three years later, the FAA built three structures on the Property: (1) a fence along its perimeter; (2) a single-story building; and (3) a fifty-five-foot lattice tower with a TDWR sphere affixed at the top (these three structures, collectively, will be referred to as the "TDWR facility").

In 2015, the Property's then-owner sold the 24.125-acre tract of land that surrounds the Property to Defendants, CB/Tittle, Ltd. and AR1 Land, Ltd., who acquired a 68% and 32% interest, respectively. Plaintiff and Defendants then tried to negotiate either a new lease or the sale of the Property, but their efforts failed. In September of that year, Plaintiff demanded that Defendants surrender possession of the Property.

---

[1] Unless otherwise noted, the facts set forth in this section come from the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge*, Doc. 65, which were adopted by the presiding district judge in their entirety, Doc. 69.

2

A little over a year later, Plaintiff filed this action to acquire the Property plus a 0.061-acre non-exclusive easement for the FAA to continue to operate the TDWR. Doc. 1, *passim*.; Doc. 81. The ultimate issue here is the amount of just compensation to be awarded to Defendants. Doc. 1 at 2.

In addressing another motion in this case in 2018, this Court determined that the "parent tract" here was the 24.125-acre parcel:

> The parties agree that where the United States condemns only a portion of a larger parcel of land (the "parent tract") – as it did here – the appropriate measure of damages is the difference between the value of the parent tract before the taking and its value after the taking. *The parent tract in this case is the 24.125-acre parcel encompassing the TDWR facility and the Property on which it sits.*

Doc. 65 at 4-5 (emphasis added); *see also* Doc. 69 (accepting the magistrate judge's findings, conclusions, and recommendation in their entirety). And the Court has since excluded evidence that contradicts its parent tract determination from 2018. Doc. 241 at 9 (recommending that evidence that contradicts the Court's parent tract determination be excluded); Doc. 258 (accepting that recommendation in its entirety).

While the motion that sought to exclude such evidence was pending, the parties filed the motions presently before the Court. *See* Doc. 187; Doc. 190; Doc. 193; Doc. 196; Doc. 199; Doc. 202; Doc. 205. The Court addresses each in turn.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 71.1 governs federal eminent domain proceedings. Rule 71.1(h) requires that the district court to decide all issues other than the exact amount of just compensation to be awarded. *See United States v. Reynolds*, 397 U.S. 14, 19 (1970); *see also United States v. 320.0 Acres of Land, More or Less in Monroe Cnty., State of Fla.*, 605 F.2d 762, 819 (5th Cir. 1979) (holding that it is the trial court's responsibility under Rule 71.1(h) to screen

3

all evidence and exclude from the factfinder's consideration evidence which an award of just compensation cannot be based on).

## III. ANALYSIS

### A. Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert Joshua Korman, Doc. 187

In relevant part, defense valuation expert Joshua Korman's report states:

> As such, we have considered the hypothetical condition that the existing Terminal Doppler Weather Radar (TDWR) Facility did not legally exist on the subject property prior to the taking and we have appraised the Larger Parcel, prior to the taking, as if it was not burdened by the operation of the TDWR Facility. We were instructed by Vassallo & Salazar, P.C. to limit our analysis to the undeveloped property within the Cypress Waters Development as of October 26, 2016. We have determined that the Larger Parcel consists of 786.200 acres of undeveloped land out of the Cypress Waters Development. The 786.200 acres of contiguous land demonstrates a unity of ownership and unity of highest and best use. Since title to the individual tracts comprising the Larger Parcel is not identical, we relied on a legal instruction from Vassallo & Salazar, P.C. regarding the unity of ownership.

Doc. 199 at 4.

Plaintiff first argues that Korman's entire appraisal should be excluded because, *inter alia*, the larger parcel that he analyzed was not the result of his own independent analysis but rather was selected by Defendants' attorneys based on their litigation strategy. Doc. 188 at 8-19. Plaintiff also contends that Korman also fails to provide market evidence to support other necessary conclusions underpinning his valuation. Doc. 188 at 19-28. Defendants counter that Korman independently analyzed the larger parcel and highest and best use. Doc. 221 at 9-12. They argue that market evidence supports his conclusion that demand for high-rise development on Defendants' remainder property existed on the date of the take. Doc. 221 at 12-14. They contend that Korman appropriately relied on information from another expert in concluding that FAA restrictions will delay the development of Defendants' remainder property. Doc. 221 at 14-

4

15. Lastly, Defendants assert that Korman used accepted appraisal methods and practices to estimate damages to Defendants' remainder property as a result of the FAA's operation of the TDWR on the part taken. Doc. 221 at 15-16.

Significantly, Korman bases his valuation on the premise that the larger parcel here (i.e., the "parent tract") "consists of 786.200 acres of undeveloped land out of the Cypress Waters Development." Doc. 199 at 4. Because this Court has already determined that the parent tract here is "the 24.125-acre parcel that encompasses the TWDR facility and the Property on which it sits" and that evidence to the contrary is excluded, Korman's valuation opinion necessarily relies on a factually incorrect premise. Doc. 65 at 4-5 (determining that the parent tract is this 24.125-acre parcel); Doc. 69 (accepting the magistrate judge's findings, conclusions, and recommendation in their entirety); Doc. 241 at 9 (recommending that evidence that contradicts the Court's parent tract determination be excluded); Doc. 258 (accepting that recommendation in its entirety). Accordingly, because Defendants' arguments have been rendered moot by the Court's previous holdings, and Plaintiff's motion should be **GRANTED**.

    *B. Plaintiff's Motion to Exclude Portions of the Opinion of Randall Bell, Doc. 190*

In relevant part, defense rebuttal expert Randall Bell writes:

> While acknowledging that the acquired property is part of Cypress Waters on the cover of his report, [Plaintiff's expert] Muenks ultimately ignores the 786.20-acre master plan development altogether. Throughout the Muenks Report there are references to Pad Site F being a part of Cypress Waters. Muenks' omission is particularly egregious considering the entire 786.20-acre larger parcel is impacted by the operation of the TDWR Facility.

Doc. 192 at 2. Moreover, Bell takes issue with Muenks' purported failure to address FAA-imposed height restrictions over the entire Cypress Waters development based on the same larger parcel:

> The project involves the "taking" of a 0.2853-acre portion of the subject property for the operation of a TDWR Facility that emits radar beams across the entirety of the 914.05-acre Cypress Waters master plan development.
>
> The TDWR Facility emits a radar over the entire 914.05-acre Cypress Waters development (360-degree range), including the remaining 786.20-acre undeveloped larger parcel.

Doc. 192 at 2.

Plaintiff argues that Bell's affirmative opinions of the larger parcel and its highest and best use are neither timely nor rebuttal. Doc. 191 at 13-16. Further, such affirmative opinions, including that the larger parcel consists of 786.2 acres, are both unsupported and unreliable because he did not conduct an independent analysis of the larger parcel or its highest and best use. Doc. 191 at 17-23. Nor can Bell criticize Plaintiff's expert, Rick Meunks, for failing to value categories of damages that are not compensable in a direct condemnation proceeding. Doc. 191 at 23-25. Defendants counter that Bell properly criticized Muenks' opinion, and if the jury is not informed of the flaws in Muenks' opinion, then Defendants will be unfairly prejudiced. Doc. 218 at 20-21. Defendants further highlight that Bell testified in his deposition to *not* forming affirmative opinions about the larger parcel or the highest and best use of the property. Doc. 218 at 17.

Even accepting Bell's position that he did not form an affirmative opinion about the larger parcel, the cited criticisms of Muenks' opinion are factually premised on a larger parcel other than the one that the Court has deemed operative here. *See* Doc. 192 at 2. And as such,

6

Defendants' arguments have been rendered moot and thus lack merit, and Plaintiff's motion should be **GRANTED**.[2]

### C. Plaintiff's Rule 71.1 Motion to Exclude Claims that are Personal to Defendants, Doc. 193

Plaintiff argues that Defendants' experts (James Timothy Archibald, Joshua Korman, and Henry Billingsley) improperly value alleged harm to Defendants' future plans or the future plans of 27 non-parties on whose behalf they seek to assert claims, for mid- and high-rise development within the 786.2-acre larger parcel, as such damages are not compensable in a direct condemnation action. Doc. 194 at 5-8. In short, they contend that such valuations based on non-compensable personal losses are not relevant to the question of just compensation here. Doc. 194 at 8. Defendants respond that their valuation experts have not valued Billingsley Company's lost business opportunities, lost profits, or damages due to the frustration of the company's development plans for Cypress Waters. Doc. 209 at 14. Instead, they argue that their experts "assessed the market and concluded that there was a substantial demand for mixed-use development at the time of the property acquisition." Doc. 209 at 15.

Though the title of the motion suggests that Defendants assert certain "claims" (they do not—the only issue is the just compensation owed Defendants), the motion's substance pertains to specific aspects and bases of Defendants' experts' valuations. And, as explained *supra*, Defendants' arguments in opposition to the exclusion of those valuations have been rendered moot by the Court's determination that the parent tract is the 24.125-acre parcel. Upon review, this motion should be **GRANTED IN PART**, to the extent that any testimony, evidence and

---

[2] The Court recognizes that Bell criticizes Muenks' opinion in other ways, as pointed out in Defendants' brief. *See* Doc. 218 at 15. These additional criticisms, however, are not before the Court.

7

arguments regarding or based on valuations that already have been disallowed by this Court,, should be excluded.

> D. *Plaintiff's Rule 71.1 Motion to Exclude Post-Take Evidence and Testimony and Valuation that Relies Directly on Post-Take Evidence,* Doc. 196

Plaintiff argues that Defendants' valuation of just compensation they claim to be owed relies on post-take evidence to determine, rather than to corroborate, the relevant market as of October 26, 2016. Doc. 197 at 4-10. Specifically, Plaintiff seeks to exclude "any testimony, evidence, or valuation based on evidence that post-dates October 26, 2016, including, but not limited to, the May 17, 2019, Capital Airspace Group report, the FAA's water tower aeronautical studies from 2017 and 2018, and any testimony or evidence relating to these documents." Doc. 197 at 10. Defendants respond that such evidence is relevant to the just compensation owed them. Doc. 224 at 9. In their view, this evidence goes to what a "would reasonably be considered by a willing and reasonably knowledgeable seller and a willing and reasonably knowledgeable buyer when negotiating the purchase price of the property" because "[t]here have been no changes to the TDWR restrictions between the October 26, 2016 date of take and the water tower aeronautical studies in 2017 and 2018 or the CAG Report on May 17, 2019. Doc. 224 at 10 (footnote omitted). They further contend that the introduction of this evidence will not unfairly prejudice Plaintiff, confuse the issues, or mislead the jury. Doc. 224 at 11-15.

As an initial matter, Defendants' arguments are moot insofar as the evidence at issue relates to acreage outside the 24.125-acre parent tract. However, because the evidence at issue is not <u>categorically</u> inadmissible, as Plaintiff admits, the Court should not exclude such evidence as it relates to the area within the 24.125-acre parcel before any attempt to introduce it at trial has occurred, despite Plaintiff's protestations to the contrary. *See* Doc. 197 at 9 ("[P]ost-take evidence is not relevant to question of just compensation owed for a taking *unless* it corroborates

8

understanding of a hypothetical market participant on the date of taking.") (emphasis added). Thus, this motion should be **GRANTED IN PART**, to the extent that such evidence that relates to or is based on acreage outside the 24.125-acre parent tract, as determined by the Court, should be excluded.

> E. *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert James Timothy Archibald,* Doc. 199

In relevant part, defense valuation expert James Timothy Archibald writes:

> We were instructed by Vassallo & Salazar, P.C. to limit our analysis to the undeveloped property within the Cypress Waters Development as of October 26, 2016. This report was prepared in order to comply with the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Briefly described, the Larger Parcel consists of ±786.20 acres of undeveloped land, located at the northeast corner of Belt Line Road and the LBJ Freeway in Dallas and Irving, Dallas County, Texas. The ±786.20 acres of land are contiguous and demonstrate a unity of ownership and highest and best use. Since title to the individual tracts comprising the Larger Parcel is not identical, we relied on legal instruction from Vassallo & Salazar, P.C. regarding the unity of ownership.

Doc. 201 at 2.

Plaintiff argues that Archibald's appraisal is defective in multiple ways. Doc. 200, *passim*. First, it was not based on a credible larger parcel analysis because, *inter alia*, the larger parcel that he considered—the 786.2-acre parcel—differed from the larger parcel as determined by this Court in 2018—the 24.125-acre parcel. Doc. 200 at 10-18. He also failed to support several conclusions with market evidence. Doc. 200 at 18-25. Last, he assessed damages using a methodology that is prohibited by the Fifth Circuit in that he first calculated "the value of the actual land taken" by multiplying the square footage condemned by his "before" value per square foot then calculated "the diminution in the value of the remaining land in the parent tract" by subtracting 25% of his larger parcel's value. Doc. 200 at 25-30. Instead of using this method,

9

Plaintiff asserts that Archibald should have valued the remainder property "us[ing] comparable sales to measure what he believes was the impact of the condemnation."  Doc. 200 at 28.

Defendants respond that Archibald independently conducted larger parcel and highest and best use analyses, testifying to the same at his deposition.  Doc. 212 at 9-11.  Archibald further identified market support for his opinion that demand for high-rise development on Defendants' remainder property existed on the date of take, even if he did not perform a written marketability study.  Doc. 212 at 11.  And as to Plaintiff's argument that he failed to provide any evidence that certain federal regulations will delay the development of the remainder property, he properly relied on the expertise of Defendants' aviation consultant for the timeframes associated with FAA aeronautical studies to determine whether proposed construction may interfere with TWDR operation.  Doc. 212 at 12-15.  Lastly, Defendant contends that Archibald sets forth a credible estimate of just compensation owed Defendants for the U.S.' taking, noting, *inter alia*, that another federal court has found Archibald's analysis admissible.  Doc. 212 at 15-18.

In any event, because Archibald's valuation is based on the parent tract being the 786.2-acre parcel, not the 24.125-acre parcel, as discussed herein, such evidence may not be offered in this suit.  Accordingly, this motion should be **GRANTED**.

    F. *Plaintiff's Motion to Exclude the Opinions and Testimony of Defendants' Expert Henry Billingsley,* Doc. 202

Defendants' Rule 26(a)(2)(C) disclosures reflect the opinions that Henry Billingsley is expected to offer the following opinions:

> It is anticipated that Henry Billingsley will testify that the market value of the undeveloped 786.2 acres of land within the Cypress Waters development before the taking, as of October 26, 2016, was $9.00 per square foot for a total market value of $308,221,848.00.  However, in order to ready the property for development, the abandoned Terminal Doppler Weather Radar Facility will need to be demolished

at an estimated cost of $81,662.00. It is also anticipated that Mr. Billingsley will testify that, as a result of the restrictions imposed by federal regulations associated with the operation of a Terminal Doppler Weather Radar Facility there will be development delays and reduced density diminishing the market value of the remaining undeveloped 785.9147 acres of land within Cypress Waters, as of October 26, 2016, by 33.333 percent. It is anticipated that Mr. Billingsley will testify that the market value of the undeveloped 785.9147 acres of land within Cypress Waters after the taking, as of October 26, 2016, was $6.00 per square foot for a total market value of $205,406,666.

Doc. 204 at 8-9.

Plaintiff argues that Billingsley is not qualified to offer an opinion that equates to an appraisal. Doc. 203 at 10-14. Plaintiff contends that, as a "landowner representative," he may testify about the character of the property and any facts within his personal knowledge. Doc. 203 at 10-14. Plaintiff also argues that his valuation opinion is unreliable under Federal Rule of Evidence 702 and is contrary to Fifth Circuit law. Doc. 203 at 14-24. Defendants respond that Billingsley's knowledge "goes not only to development of Cypress Waters but his knowledge of development within the area of the subject property as well development in general." Doc. 215 at 8. They contend that his opinion "does not equate to an appraisal nor does he use the appraisal form or techniques in evaluating his knowledge of development property and development." Doc. 215 at 8. In other words, they argue Billingsley's testimony was not based on scientific, technical or other specialized knowledge within the scope of Rule 702, but rather that his testimony was based on his status as a market participant. Doc. 215 at 14.

However, the Court need not wade into these arguments because the opinions set to be offered by Billingsley stem from the determination that the parent tract is the 786.2-acre parcel, not the 24.125-acre parcel, and thus they may not be offered here on that basis alone. Accordingly, this motion should be **GRANTED**.

11

G. *Defendants CB/Tittle, Ltd.'s and AR1 Land, Ltd.'s Motion to Exclude the Testimony of Rick J. Muenks, MAI, Doc. 205*

Defendants argue that the larger parcel determination by Plaintiff's valuation expert, Rick Muenks, is not reliable because he erroneously determined that the larger parcel is the 24.125-acre tract, undermining "the overall balance and accuracy of his appraisal." Doc. 206 at 7. More specifically, after taking issue with certain aspects of Muenks' analysis of the 24.125-acre parcel's unity of ownership, contiguity, and unity of use, Defendants contend:

> The data presented in Mr. Muenks' appraisal report is not sufficient to support his conclusion that the larger parcel is a 24.125-acre tract. Mr. Muenks' failure to properly identify the larger parcel at the outset of his appraisal report renders his determination of compensation for the part taken and damages to Defendants' remainder caused by the taking and the Federal Aviation Administration's use of the part taken to operate a TDWR facility unreliable.

Doc. 206 at 13-18.

Plaintiff responds that Muenks valued the 24.125-acre parcel agreed upon by the Court and the parties. Doc. 226 at 9-14. Moreover, Muenks properly determined the parent tract (the 24.125-acre parcel), and the larger parcel need not include all of the Cypress Waters development. Doc. 226 at 14-28.

As discussed previously, this motion boils down to Defendants objecting to Muenks valuing the 24.125-acre parcel instead of the entire Cypress Waters development. Because the Court has already determined that the parent tract here is the 24.125-acre parcel, this motion should be **DENIED AS MOOT**. *See, e.g.*, *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (holding that without an actual case or controversy, an issue is moot and therefore the federal court lacks jurisdiction).

## IV. CONCLUSION

For the foregoing reasons:

- *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert Joshua Korman*, Doc. 187, should be **GRANTED**;

- *Plaintiff's Motion to Exclude Portions of the Opinion of Randall Bell*, Doc. 190, should be **GRANTED**;

- *Plaintiff's Rule 71.1 Motion to Exclude Claims that are Personal to Defendants*, Doc. 193, should be **GRANTED IN PART** to the extent stated herein;

- *Plaintiff's Rule 71.1 Motion to Exclude Post-Take Evidence and Testimony and Valuation that Relies Directly on Post-Take Evidence*, Doc. 196, should be **GRANTED IN PART** to the extent stated herein;

- *Plaintiff's Motion to Exclude the Testimony of Defendants' Retained Valuation Expert James Timothy Archibald*, Doc. 199, should be **GRANTED**;

- *Plaintiff's Motion to Exclude the Opinions and Testimony of Defendants' Expert Henry Billingsley*, Doc. 202, should be **GRANTED**; and

- *Defendants CB/Tittle, Ltd.'s and AR1 Land, Ltd.'s Motion to Exclude the Testimony of Rick J. Muenks, MAI*, Doc. 205, should be **DENIED AS MOOT**.

**SO RECOMMENDED** on August 22, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).